UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONIEK ALVES ALMEIDA,<br><br>    Plaintiff,<br><br>    v.<br><br>MEGA MILLION,<br><br>    Defendant. | Case No.  15-cv-00800-KAW<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

*Pro se* Plaintiff Boniek Alves Almeida commenced this action on February 20, 2015. (Dkt. No. 1.)  Plaintiff filed an amended complaint on May 19, 2015.  (Dkt. No. 6.)

From the face of Plaintiff's amended complaint, it appears Plaintiff is asserting that this case falls within this Court's diversity jurisdiction.  In order for diversity jurisdiction to exist, there must be complete diversity between the parties, meaning that no plaintiff can be of the same state as any of the defendants.  *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008); *see also Majestic Ins. Co. v. Allianz Int'l Ins. Co.*, 133 F. Supp. 2d 1218, 1220 (N.D. Cal. 2001).

Plaintiff's amended complaint alleges that Plaintiff "is an adult individual who at all times relevant herein was a resident of San Francisco, in the State of California." (Am. Compl. at 1.) Plaintiff also alleges that "Defendant Mega Million company and at all times relevant to this action is a lottery company authorized under the laws of the state of California to do business as a lottery company on the state and county of United States of America." (*Id.*) These allegations insufficiently establish complete diversity between the parties.

Generally, it is the Plaintiff's burden to allege complete diversity between the parties. *See Hung v. Tribal Technologies,* No. C 11-04990 WHA, 2012 WL 33253 (N.D. Cal. Jan. 6, 2012)

rev'd, 577 F. App'x 650 (9th Cir. 2014); *see also Majestic Ins. Co.*, 133 F. Supp. 2d at 1220. Because the complaint contains no allegations regarding the citizenship of Defendant's members, this Court is unable to determine if there is complete diversity between the parties and, thus, whether it has subject matter jurisdiction over this dispute. *See, e.g.*, *Wagner v. Spire Vision LLC*, No. 13-00054 YGR, 2013 WL 941383 (N.D. Cal. Mar. 8, 2013) (remanding action to state court because "Defendants have failed to allege adequately the citizenship of all the parties to this action. Limited liability companies, or LLCs, are like partnerships in that they are a citizen of every state where its owners and members are citizens.").

In light of the above referenced deficiency, Plaintiff is hereby ORDERED TO SHOW CAUSE, in writing and no later than July 20, 2015, why the instant action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). Failure to timely file this document may result in the dismissal of this action for lack of subject matter jurisdiction.

In addition, Plaintiff may wish to consult a manual the court has adopted to assist *pro se* litigants in presenting their case. This manual, and other free information, is available online at: *http://cand.uscourts.gov/proselitigants*. Plaintiff may also wish to contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by calling (415) 782-8982.

IT IS SO ORDERED.

Dated: July 1, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge