United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONIEK ALVES ALMEIDA,<br><br>    Plaintiff,<br><br>    v.<br><br>MEGA MILLION,<br><br>    Defendant. | Case No. 15-cv-00800-KAW<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

*Pro se* Plaintiff Boniek Alves Almeida commenced this action on February 20, 2015. (Compl., Dkt. No. 1.) Plaintiff filed an amended complaint on May 19, 2015. (1st Am. Compl. ("FAC"), Dkt. No. 6.) Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Pl.'s Consent, Dkt. No. 10.)

On July 1, 2015, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (Order to Show Cause, Dkt. No. 8.) In the order, the Court noted that Plaintiff appeared to be invoking this Court's jurisdiction based on diversity. (*Id.* at 1.) It explained that in order for diversity jurisdiction to exist, there must be complete diversity of citizenship between the parties. (*Id.* at 1 (citations omitted).) Because the allegations in the amended complaint were insufficient to establish that complete diversity was present in this case, the Court ordered Plaintiff to file a written response, by no later than July 20, 2015, explaining why the instant action should not be dismissed for lack of subject matter jurisdiction. (*Id.* at 2.)

On July 20, 2015, Plaintiff filed three documents. The first document was captioned "Request to Continue," Dkt. No. 9. The second document was his consent to magistrate judge jurisdiction, Dkt. No. 10, and the third document was captioned "Complaint Under the Civil

Rights Act, 42 U.S.C. § 1983."[1] The Court construed the first filing as a request for an extension of the July 20, 2015 response deadline and granted Plaintiff an additional 30 days in which to file a written response to the order to show cause. (July 27, 2015 at 1, Dkt. No. 12.) The Court also reminded Plaintiff that the Court could dismiss this case if he failed to file a written response by the deadline. (*Id.*)

On August 21, 2015, Plaintiff filed another amended complaint. (3d. Am. Compl. ("TAC"), Dkt. No. 13.) He also filed a proposed order to show cause using California State Court Form FL-683 and a "Motion to Extend Time for Service." (Dkt. No. 14.) Neither document responds to this Court's order to show cause.

The new amended complaint Plaintiff filed also fails to cure the deficient jurisdictional allegations Plaintiff included in his first amended complaint. As before, Plaintiff alleges that he "is an adult individual" and "a resident of San Francisco." (*Compare* TAC ¶ 2 *with* FAC ¶ 3.) He also alleges, as he did in his first amended complaint, that "Defendant Mega Million company . . . is a lottery company authorized under the laws of the [S]tate of California." (*Compare* TAC ¶ 2 *with* FAC ¶ 4.) This is insufficient to establish that the parties to this case are completely diverse. *See Majestic Ins. Co. v. Allianz Int'l Ins. Co.*, 133 F. Supp. 2d 1218, 1220 (N.D. Cal. 2001) ("In order for the parties to fulfill this requirement there must be 'complete diversity.' That is, no plaintiff can be a citizen of the same state as any of the defendants.") (citation omitted). Plaintiff has thus failed to meet his burden of showing that this Court has subject matter jurisdiction over this action.[2] *See id.* ("The party seeking to establish diversity jurisdiction has the burden of proof . . . .").

///

///

---

[1] Though Plaintiff filed this complaint using the form designated for § 1983 cases, the allegations in the complaint concern the defendant's purported failure to honor Plaintiff's winning lottery tickets. Absent from the filing are any allegations concerning the Court's jurisdiction. 2d Am. Compl. ("SAC"), Dkt. No. 11.

[2] The Court notes that the third amended complaint fails to present any federal question, as Plaintiff's claims for are breach of contract, breach of the covenant of good faith and fair dealing, and declaratory relief. TAC ¶¶ 1-3.

Accordingly, this case is DISMISSED for lack of subject matter jurisdiction. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 1, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge

3